Charles T. Major, J.
This motion was made hy the Attorney-General on behalf of the defendant in the above claims, for an order directing the consolidation of the above-entitled claims pursuant to section 96 of the Civil Practice Act, and for such other and further relief as to this court may appear just and proper. Upon the argument of this motion, the Attorney-General requested an order that the claims be tried together as an alternative.
The claim of Lasker-Goldman Corporation was filed on February 27, 1959 and contains four causes of action allegedly arising out of a contract dated June 23, 1954 for construction work including alterations and additions to the Basic Sciences Building No. 1, State University of New York, Medical Center, Syracuse, New York.
The claim of C. K. Rehner, Inc., was filed on March 28, 1959 and contains two causes of action allegedly arising out of a contract dated June 28,1954 for the sanitary work in said Basic Sciences Building No. 1.
Both contracts contain similar language, the same completion date and the questions of fact as to at least a part of each claim will be substantially the same — that is whether or not the State of New York failed to do any act which caused delay in the completion of the work. The claimants herein were not engaged in a joint venture but each acted independently of the other.
The motion to consolidate the claims is denied.
It may fairly be assumed that the same witnesses may have to be used by the claimants and the State, and that identical questions of law may have to be determined in both claims and it appears to the court that these claims should be tried together *957 under section 96-a of the Civil Practice Act with the understanding that the law and facts in each case will be considered separately and separate decisions made. Such a joint trial can be had without prejudice to the substantial rights of the claimants herein. (Donzella v. New York State Thruway Auth., 7 A D 2d 771.)
Let the order provide that the above-entitled claims be tried together, pursuant to section 96-a of the Civil Practice Act, and that the Clerk of the court join both cases on the calendar at the time the one bearing the prior claim number is reached for trial.